IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MELVIN A. LOWE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 22-01 (MN) |
| ) | |
| GOODWILL INDUSTRIES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Melvin A. Lowe, Jr. – Pro Se Plaintiff

Jennifer C. Jauffret, RICHARD, LAYTON & FINGER, P.A., Wilmington, DE – Attorneys for Defendant

March 1, 2023
Wilmington, Delaware

*Maryellen Noreika*
**NOREIKA, U.S. DISTRICT JUDGE**

Presently before the Court is the motion (D.I. 15) of Defendant Goodwill Industries ("Defendant") to dismiss the action brought by Plaintiff Melvin A. Lowe, Jr. ("Plaintiff"), alleging employment-related discrimination on the basis of disability in violation of 42 U.S.C. §§ 12101, *et seq.*, the Americans with Disabilities Act.  Plaintiff, who proceeds *pro se*, opposes the motion. (D.I. 16).  For the reasons stated below, Defendant's motion will be granted.

I.  **BACKGROUND**

Plaintiff filed his Complaint on January 3, 2021, alleging violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, for employment discrimination on the basis of disability.  (D.I. 1).  Plaintiff did not allege any specific factual allegations nor did he attach any exhibits other than a right to sue letter from the Delaware Department of Labor.

II.  **LEGAL STANDARDS**

Evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure requires the Court to accept as true all material allegations of the complaint.  *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted).  Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief."  *Maio v. Aetna, Inc.*, 221 F.3d 472, 481–82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson*

*v. City of Shelby*, ⎯⎯ U.S. ⎯⎯, 135 S.Ct. 346, 347 (2014).  A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id.* at 346.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'"  *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).  The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

### III.   DISCUSSION

#### A.   Plaintiff's Complaint Lacks Any Factual Allegations

To plead a *prima facie* case under the ADA, a plaintiff is required to show that (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and

(3) he has suffered an otherwise adverse employment decision as a result of discrimination. *Williams v. Philadelphia Hous. Auth. Police Dep't*, 380 F.3d 751, 761 (3d Cir. 2004) (cleaned up).

Here, as previously noted, in his Complaint Plaintiff failed to include any factual allegations at all. Instead, in conclusory fashion, he asserts that he was discriminated against on the basis of an alleged disability in violation of the ADA and that he was terminated. He fails, however, to set forth any specific supporting facts or any facts to connect these two statements. As such, Plaintiff has failed to adequately plead a claim for discrimination under the ADA.

### B. Plaintiff Has Failed to Exhaust His Administrative Remedies

The ADA requires exhaustion of administrative remedies before a plaintiff may file a complaint in court. *Churchill v. Star Enterprises*, 183 F.3d 184, 190 (3d Cir. 1999). "A party who brings an employment discrimination action under Title I of the ADA must follow the administrative procedures set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5." *Id.* (citing *Bishop v. Okidata, Inc.*, 864 F.Supp. 416, 424 (D.N.J.1994)). Thus, prior to filing a complaint in federal court, a party must first file an action with the Equal Employment Opportunity Commission ("EEOC") and wait 180 days to allow the EEOC to investigate and pursue the matter. *See* 42 U.S.C. § 2000e–5(e)(1). After 180 days, "[i]f a complainant is dissatisfied with the progress the EEOC is making on his or her charge of employment discrimination, he or she may elect to circumvent the EEOC procedures and seek relief through a private enforcement action in a district court." *Occidental Life Ins. Co. Of California v. EEOC*, 432 U.S. 355, 361 (1977). Thus, at the end of the 180-day period a plaintiff may request what is commonly referred to as a "right-to-sue" letter from the EEOC, which the EEOC must issue upon request. *McNasby v. Crown Cork and Seal Co.*, 888 F.2d 270, 274 (3d Cir.1989). Until a plaintiff has pursued this administrative remedy, however, he may not file a lawsuit under Title I of the ADA.

Here, Plaintiff asserts that on March 28, 2019, he filed charges with the EEOC regarding Defendant's alleged discriminatory conduct and that the EEOC issued the (purportedly) attached "Notice of Right to Sue" letter on January 14, 2021.  The letter attached to Plaintiff's Complaint, however, is not from the EEOC (a federal institution) but instead from the Delaware Department of Labor (a state institution).  There is no evidence that Plaintiff has exhausted his administrative remedies and thus, the Court grants Defendant's motion to dismiss on this ground as well.

## IV.     CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss.  As the Court cannot tell whether amendment would be futile (*i.e.*, whether Plaintiff has obtained but simply not attached the requisite EEOC letter and whether Plaintiff could plead the requisite facts supporting and ADA claim), the Court will dismiss the case without prejudice.  An appropriate order will issue.